RUSSELL *et al. v.* WOODSON *et al.**

(Division B.    March 28, 1927.)

[111 So. 833.    No. 26373.]

WILLS.  *"Lawful heir" in will held to mean lawful heirs of the body, and "other heirs," heirs of testator.*

In will of one who devised and bequeathed his entire estate to his wife and children and descendants of children, and in one clause devised to a married daughter certain land, "and at her death, if dying without lawful heirs, the land will be devised between the other heirs," *held*, the words "lawful heirs" meant heirs of the body, and "other heirs," the other heirs of testator.

---

*Corpus Juris-Cyc References: Heirs, 29CJ, p. 295, n. 1, 5; p. 299, n. 46; p. 300, n. 47; p. 343, n. 65; Wills, 40Cyc, p. 1459, n. 10, 11; p. 1461, n. 17, 19. As to meaning of term "lawful heirs" in testamentary gift to lawful heirs, see 28 R. C. L. 249; 4 R. C. L. Supp. 1808.

APPEAL from chancery court of Union county.
HON. ALLEN Cox, Chancellor.

Suit by J. E. Woodson and others against Frank Russell and others. From decree overruling demurrer to bill, defendants appeal. Affirmed and remanded.

*G. L. Jones,* for appellants.

In Item 3 of the will the testator after willing certain property to his daughter, N. U. Russell, says "And at her death, if dying without lawful heirs to the land, will be divided between the other heirs." The bill shows that N. U. Russell left surviving her, her husband, E. E. Russell.

The appellants contend that the will is plain, unambiguous, and that the language used in the will explains itself, and that there is no need of oral evidence to aid in construing the will. The husband is the lawful heir of the wife and the testator using the words "lawful heirs" is presumed to have used the words in their technical sense.

This state adopted the Civil Law for the descent of property. "Heir" under the civil law applies to all persons entitled to succeed to the estate of the deceased. whether by act of the party or by operation of the law. Am. Ency. P. Law (2 Ed.), page 319.

Technical words are presumed to be used in their technical sense. 30 Am. Ency. P. Law (2d Ed.), page 671. The safe mode of construction is to adhere to the words of the instrument. *Harvey* v. *Johnson,* 111 Miss. 566, 71 So. 824. Oral testimony is incompetent where the will shows the testator's intent in fixed and technical language. *Wallace* v. *Wallace,* 114 Miss. 591, 75 So. 449.

*Stephens & Stephens,* for appellees.

The only question to be determined in this case is,. What did the testator S. B. Allen, intend and mean when he used the term, "lawful heirs?" Counsel for appellant in contending that at the death of the said N. U.

Russell, the title to the land in controversy vested in E. E. Russell by virtue of the will of the testator, Samuel B. Allen, seems to overlook the fact that the term "lawful heirs" will admit of more than one interpretation. As shown by numerous authorities the word "heirs" is often used in the sense of, and may be interpreted as equivalent to children and in this case, we submit, the term can consistently be construed to mean that the testator intended that if his daughter, N. U. Russell, died leaving no child or children the property bequeathed to her by this provision in the will should revert to and be divided among his other heirs.

The legal principles suggested and relied upon by us for an affirmance of this case are well settled.

ANDERSON, J., delivered the opinion of the court.

Appellees filed their bill in the chancery court of Union county against appellants, seeking to have the court construe the last will and testament of S. B. Allen, deceased. The appellants are the sole surviving heirs of S. B. Allen, and are also legatees and devisees under his will, while the appellees are the sole heirs of E. E. Russell, deceased, who was the husband of Mrs. Nancy U. Russell, also deceased, a daughter of S. B. Allen, and one of the legatees and devisees under his will. The appellants demurred to the bill, and the demurrer was, by the court, overruled, and the appellants granted an appeal to settle the principles of the cause.

The will in question was executed June 29, 1891. Soon thereafter, the testator, S. B. Allen, died, and shortly after his death, his will was duly probated in Union county where he lived and died, and in which his property was situated which was disposed of by his will. The testator, by his will, devised and bequeathed his entire estate to his wife and children and descendants of children, and one of his children, as stated, was Mrs. Nancy U. Russell. By the third paragraph of his will, the testa-

tor devised to Mrs. Russell certain lands, and, quoting the will, provided:

"And, at her death, *if dying without lawful heirs,* the land will be divided between *the other heirs.*" (Italics ours.)

Mrs. Nancy U. Russell died without children or descendants of children. Afterwards her husband died. Appellants are his heirs at law.

Appellants contend that Mrs. Nancy U. Russell did not die without "lawful heirs;" that she left surviving her, E. E. Russell, her husband, who was a "lawful heir;" and that therefore appellants, who are his sole surviving heirs, take the land which was willed to Mrs. Nancy U. Russell. On the other hand, the appellees contend that by the phrase "if dying without lawful heirs," the testator had reference to children or descendants of children—heirs of the body alone—and that Mrs. Russell having died without heirs of the body, the land went to the "other heirs" of the testator.

The question for decision, therefore, is: What did the testator mean by the words "lawful heirs?" The word "heirs," when uncontrolled by the context, is to be given its strict, technical, and legal import. However, notwithstanding its well-understood meaning in law, it is susceptible of more than one interpretation. It may have a different signification under different circumstances. Where the context of an instrument in which the word appears so requires it, it is construed to mean children, or heirs of the body. 29 C. J. 299, 300, section 15. The court held in *Harkleroad* v. *Bass,* 84 Miss. 483, 36 So. 537, where the manifest purpose of a will was to provide for testator's infant son, and the will gave him lands for his lifetime, and provided that "should he leave any lawful issue at his death then I will to his heirs forever, and should (he) die without heirs" the lands were to go to the testator's grandniece, that the word "heirs" was used as meaning lawful issue, and, upon the death of the son without lawful issue, the grandniece took the

estate. In other words, the court held that the testator, by the use of the word "heirs," meant to designate only heirs of the body, and not the heirs generally of the life tenant.

We think the words "lawful heirs" in the will here involved were used by the testator in the sense of lawful issue, or lawful heirs of the body of Mrs. Russell. If the testator had in mind Mrs. Russell dying leaving her husband surviving her as her sole heir, and that he should take the land devised to her, it was utterly useless to so provide, because, under the laws of this state, it would have gone that way.

Construing the entire will together, it is plain that the testator was making provision for his wife, children, and descendants of children. When the will was executed, Mrs. Russell had no children nor descendants of children, and, evidently, the testator thought she might never have any, and, in that event, his purpose was that, on her death, the lands should go to the testator's "other heirs." In the very nature of things, it is very rare that a person dies without "lawful heirs." It is hardly believable that the testator had such an occurrence in mind. Construing the language of the will in question in connection with the context, and the further fact, which is a matter of common knowledge, that to die without lawful heirs is a very rare occurrence, we think, demonstrates the fact that the testator meant, by the phrase "without lawful heirs," heirs of the body and not heirs generally. And another fact to be considered is that if Mr. Russell had died before his wife, and she had died without remarrying, her lawful heirs and the testator's lawful heirs would have been the same persons.

*Affirmed and remanded.*